NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC, | No. 16-17104 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-00728-SI |
| v. | MEMORANDUM* |
| FIBERLIGHT, LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON**, District Judge.

Telecom Asset Management, LLC ("TAM") brought this suit against FiberLight, LLC ("Fiberlight") to recover unpaid commissions it was owed for brokering several lucrative deals between FiberLight and Verizon Wireless

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Josephine Staton, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

("Verizon") for telecommunications services. FiberLight appeals (1) the district court's denial of FiberLight's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) the district court's decision to admit alleged evidence of settlement in violation of Federal Rule of Evidence 408; and (3) the district court's decision to award TAM a $16,964,055 restitution award. Because we agree with each of the district court's rulings, we affirm.

1. FiberLight's challenge to personal jurisdiction concerns only the first prong of the three-part test for specific jurisdiction—namely, whether FiberLight "purposefully avail[ed itself] of the privilege of conducting activities in [California], thereby invoking the benefits and protections of its laws." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). As to this question, the court limits its ruling to TAM's complaint, and the affidavits attached thereto, because FiberLight raised the issue only at the motion-to-dismiss stage. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998) (adopting rule that where defendants "fail[ ] to contest [personal jurisdiction] after losing their motion to dismiss, defendants may appeal only the district court's holding that plaintiffs made out a *prima facie* case sufficient to support an exercise of personal jurisdiction"). We review *de novo* the district court's dismissal for lack of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

2

TAM's complaint alleges that the agreement formed between TAM and FiberLight was a general sales agent agreement, allowing TAM to "sell any/all assets, products, and services FiberLight offered." The complaint also alleges—and FiberLight concedes—that at the time of the agreement FiberLight owned telecommunications assets in California. Thus, the general sales agent agreement between TAM and FiberLight would have authorized TAM to pursue business opportunities in California on FiberLight's behalf. In other words, FiberLight, knowing that it owned assets in California, agreed to a business arrangement whereby a California company would be authorized to deal on its behalf *in California*. This conferral of general agency authority for TAM to lease FiberLight's California assets was "sufficiently purposeful" to justify California's exercise of specific personal jurisdiction over FiberLight. *See Walden v. Fiore*, 134 S. Ct. 1115, 1124 n.7 (2014).

2. The district court's admission of an email exchange and an excerpt from the testimony of a former FiberLight official did not violate Federal Rule of Evidence 408 because neither were evidence of settlement negotiations.[1] The emails

---

[1] Federal Rule of Evidence 408 states, in pertinent part:

Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . : (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in

3

contained pre-litigation (December 2012) discussions in which the parties attempted to "take another run at trying to work out a commission agreement before the end of the year." The court determined that the "offer" at issue was not a "settlement offer" for TAM's claims, which were filed more than a year later; it was an attempt to resolve the parties' dispute before taking it to court. Furthermore, the deposition testimony of Ben Edmond (FiberLight's former President of Sale & Marketing) refers to a "settlement offer" that necessarily took place prior to TAM's filing suit, because Edmond left the company sixteen months before litigation commenced. Given the timing of the email, it was not an abuse of discretion for the district court to conclude that the emails and the deposition testimony referred to standard pre-dispute business negotiations and not negotiations for the settlement of a future legal claim. *See Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987) (giving the trial court latitude in determining, "under the circumstances of [a given] case," whether evidence should be excluded as part of settlement negotiations under Rule 408).

In any event, FiberLight has not proven prejudice because there has been no showing that the district court relied on the emails or on Edmond's testimony in reaching its conclusions about what to award TAM. *Josephs v. Pac. Bell*, 443 F.3d

---

compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . . .

1050, 1064 (9th Cir. 2006) ("We review 'evidentiary rulings for abuse of discretion and will not reverse absent some prejudice.'" (internal citations omitted)).  Thus, even had the court abused its discretion in admitting the evidence, we would affirm.

    3.  The district court did not clearly err[2] when it ruled that TAM was entitled to restitution in the amount of $16,964,055 because the award was based on a credibility assessment of the parties' experts.  "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).  FiberLight does not argue that qualification of TAM's expert was improper, and his testimony was "coherent," "facially plausible," "not contradicted by extrinsic evidence," and "not internally inconsistent."  The district court's choice to credit one expert over the other was not clear error.

    **AFFIRMED.**

---

[2] We review a district court's factual findings underlying a damages award and its computation of damages following a bench trial for clear error. *Oswalt v. Resolute Indus.*, 642 F.3d 856, 859–60 (9th Cir. 2011) (factual findings); *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004) (damages).